UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KUYKENDALL, II,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-1590 KJN P<br><br><br>ORDER |

　　　　Plaintiff, a pretrial detainee[1] housed at the Rio Cosumnes Correctional Facility and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has not, however, filed a certified copy of his inmate trust account statement for the six-month period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).  Plaintiff will be provided the opportunity to submit a certified copy of his inmate trust account statement.[2]  Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

　　　　In the alternative, plaintiff may seek to voluntarily dismiss this action.  Plaintiff's

---

[1] Plaintiff's case is currently pending in the Sacramento County Superior Court, No. 19FE010333.  (ECF No. 1 at 1.)

[2] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the $350.00 filing fee but will be allowed to pay it in installments.  See 28 U.S.C. §§ 1914(a), 1915(a).  Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

1

complaint confirms that he did not exhaust his administrative remedies as to the claim raised.[3] (ECF No. 1 at 2.) Because exhaustion of administrative remedies is required,[4] and must occur before filing an action in federal court, plaintiff may wish to voluntarily dismiss this action to avoid imposition of the $350.00 filing fee, as well as the further delay he will suffer should this case be dismissed because plaintiff failed to first exhaust his administrative remedies.[5]  Such further delay would involve resolution of this action, the period required for plaintiff to exhaust his administrative remedies at the jail, and then plaintiff would be required to file a new action in federal court, incurring another $350.00 filing fee.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall submit, within thirty days from the date of this order, a certified copy of his inmate trust account statement for the six-month period immediately preceding the filing of the complaint.  In the alternative, plaintiff may ask the court to dismiss this action without prejudice.  Fed. R. Civ. P. 41(a).

Dated:  August 12, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/kuyk1590.3c.new

---

[3]  The Sacramento County Jail and Rio Cosumnes Correctional Center have a grievance process in place for inmates to use in exhausting claims.  Cal. Code Regs. tit. 15, § 1361.

[4]  Plaintiff's claims challenging his conditions of confinement are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison [or jail] conditions,' including, but not limited to, suits under § 1983."  Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).  The Supreme Court has held that courts may not excuse an inmate's failure to exhaust administrative remedies prior to bringing suit under the PLRA, even to take into account "special" circumstances.  Ross v. Blake, 136 S. Ct. 1850 (2016).

[5]  An action is subject to dismissal and plaintiff may not proceed in this action if he has not exhausted his administrative remedies prior to filing suit.  See, e.g., Albino, 747 F.3d at 1162 (in cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); Medina v. Sacramento Cty. Sheriff's Dep't, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim.")

2