UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KUYKENDALL, II,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:20-cv-1590 KJN P<br><br><br><br>ORDER |

Plaintiff is a pretrial detainee, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

1  payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

2  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3  § 1915(b)(2).

4  <u>Screening Standards</u>

5  The court is required to screen complaints brought by prisoners seeking relief against a

6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

16  Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir.

17  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

18  meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at

19  1227.

20  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>

23  <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

24  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26  sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, 550 U.S. at 555.

27  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

28  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Erickson v.</u>

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff states he is innocent until proven guilty and no medical testing for Covid-19 is being done.  He contends that the Center for Disease Control recommendations are not being met for Covid-19.  He contends such failures violate the Sixth, Eighth and Fourteenth Amendments, the California Constitution, and subject plaintiff to cruel and unusual punishment.  Plaintiff seeks money damages and release from custody.

Discussion

    Named Defendants

Plaintiff names three defendants:  Superior Court of California; Rio Cosumnes Correctional Center, and County of Sacramento.  First, the superior court is not a proper defendant.  The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . .to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The Superior Court of California is not a "person" and therefore cannot be sued.

Second, defendants County of Sacramento and the Rio Cosumnes Correctional Center (which is operated by Sacramento County), together constitute a single defendant:  Sacramento County.  See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Ctr. for Bio-Ethical Reform v. Los Angeles County Sheriff Dept., 533 F.3d 780, 786 (9th Cir. 2008) (suit against county sheriff equivalent to suit against county).

To state a claim against a local governmental entity (i.e. Sacramento County), a plaintiff must allege that a specific "policy or custom" of the agency was the "moving force" causing the

alleged constitutional violation. Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978). A local governmental entity may not be held liable under a respondeat superior theory premised on the individual conduct of its subordinates. Monell, 436 U.S. at 694.

### Civil Rights v. Habeas Relief

Plaintiff's civil rights complaint under § 1983 seeks release from custody. However, when a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A federal habeas corpus action is only available if plaintiff has been convicted and has exhausted his state court remedies. See 28 U.S.C. § 2254(b)(1)(A).

### Fourteenth Amendment[1]

#### Governing Standards

Where a pretrial detainee challenges conditions of confinement, however, such claims "arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause." Gordon v. Cty. of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018) (internal quotation marks omitted). The standard under the Fourteenth Amendment for a pretrial detainee "differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." Olivier v. Baca, 913 F.3d 852, 858 (9th Cir. 2019) (citation omitted).

"In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, . . . the proper inquiry is whether those conditions amount to punishment of the detainee." Bell v. Wolfish, 441 U.S. 520, 535 (1979);[2] see also Block v. Rutherford, 468 U.S. 576, 583-85 (1984).

---

[1] Although plaintiff mentions the Sixth Amendment, he raises no facts implicating the Sixth Amendment.

[2] In Bell, the Court considered a claim under the Due Process Clause of the Fifth Amendment. However, the same standards apply to due process claims brought under the Fourteenth Amendments. See Paul v. Davis, 424 U.S. 693, 702 n.3 (1976) ("[T]he Fourteenth Amendment

4

"Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense[.]" Bell, 441 U.S. at 537. "Loss of freedom of choice and privacy are inherent incidents of confinement," and the fact that detention "interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" Id.

Absent a showing of an expressed intent to punish by jail officials, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Id. at 539. Thus, "[r]estraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting[.]" Id. at 540.

Prison and jail administrators are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security," id. at 547, "unless the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of jail security," Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, 566 U.S. 318, 322-23 (2012). "[I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." Bell, 441 U.S. at 540 n.23 (internal quotation marks omitted).

A pretrial detainee's conditions of confinement claim is governed by a purely objective standard. See Gordon, 888 F.3d at 1124-25.[3] A pretrial detainee must therefore show that: (1) a

---

imposes no more stringent requirements upon state officials than does the fifth upon their federal counterparts.")

[3] The Ninth Circuit has extended the objective deliberate indifference standard to pretrial detainee conditions of confinement claims addressing the denial of medical care, failure to protect, and excessive force claims, and Gordon suggests the circuit will extend the standard to all pretrial detainee conditions of confinement claims. See Gordon, 888 F.3d at 1120, 1124 & n.2 (citation omitted).

5

1  particular defendant made an intentional decision with respect to the conditions under which the
2  pretrial detainee was confined; (2) those conditions put him at substantial risk of suffering serious
3  harm; (3) the defendant did not take reasonable available measures to abate that risk, even though
4  a reasonable officer in similar circumstances would have appreciated the high degree of risk --
5  making the consequences of the defendant's conduct obvious; and (4) by not taking such
6  measures, the defendant caused the detainee's injuries.  Id.

7  With respect to the third element, the defendant's conduct must be objectively
8  unreasonable, a test that "turns on the facts and circumstances of each particular case."  Kingsley
9  v. Hendrickson, 576 U.S. 389, 397 (2015) (internal quotation marks omitted).  "A court must
10  make this determination from the perspective of a reasonable officer on the scene, including what
11  the officer knew at the time, not with the 20/20 vision of hindsight."  Id.

12  Here, Covid-19 "poses a substantial risk of serious harm" to prisoners.  Plata v. Newsome,
13  2020 WL 1908776, at *1, 2020 U.S. Dist. LEXIS 70271 (N.D. Cal. Apr. 17, 2020).  Nonetheless,
14  state and county officials are taking steps to reduce such risk.  See id. at *1 (noting measures
15  implemented to reduce infection and transmission of Covid-19 among state prisoners, including
16  through increased sanitation, testing and social distancing).  Such efforts must be considered in
17  determining whether a defendant's response to the Covid-19 pandemic is objectively
18  unreasonable.

19  In the instant complaint, plaintiff alleges generalized concerns that he may be exposed to
20  Covid-19 while housed at the Rio Cosumnes Correctional Center.  He alleges that CDC
21  recommendations are not being met, and he is not being tested.  But such general allegations are
22  insufficient to state a cognizable Fourteenth Amendment claim.  In order to state a cognizable
23  claim, plaintiff must specifically identify a defendant's challenged conduct, explain how such
24  conduct is unreasonable under the circumstances, and describe how such conduct harmed
25  plaintiff.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to
26  the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative
27  act, participates in another's affirmative acts or omits to perform an act which he is leally required
28  to do that causes the deprivation of which complaint is made.")  Plaintiff alleges no facts against a

6

properly named defendant that suggest the defendant acted with reckless disregard to plaintiff's conditions of confinement or that such conditions put plaintiff at substantial risk of harm. Therefore, plaintiff's complaint must be dismissed.

Exhaustion of Administrative Remedies

Finally, plaintiff cannot pursue a claim in this court that he has not exhausted through an inmate appeal procedures that is available at his place of incarceration. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Although exhaustion is not required "when circumstances render administrative remedies 'effectively unavailable,' " Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citation omitted), the Ninth Circuit requires "a good-faith effort on the part of inmates to exhaust a prison's administrative remedies as a prerequisite to finding remedies effectively unavailable," Albino v. Baca, 697 F.3d 1023, 1035 (9th Cir. 2012). The exhaustion requirement accords prisoners the possibility of obtaining more immediate and effective relief. The requirement provides an opportunity for correctional officials to address complaints internally, thereby deterring frivolous lawsuits and creating an administrative record should the matter later proceed to court. See Porter v. Nussle, 534 U.S. 516, 525 (2002). "The primary purpose of a grievance . . . is to alert the [jail] to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

Leave to Amend

The court finds the allegations in plaintiff's complaint so generalized, vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief, and the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how

7


each named defendant is involved. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo</u>, 423 U.S. at 371; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Ramirez v. County of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Failure to timely file an amended complaint will result in a recommendation that this action be dismissed without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  November 10, 2020

/kuyk1590.14n.cvd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  November 10, 2020

/kuyk1590.14n.cvd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KUYKENDALL, II,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-1590 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　　Amended Complaint
DATED:

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Plaintiff